IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MONTELL ALEXANDER BOWMAN, Plaintiff, vs. DEPARTMENT OF JUSTICE, Defendant. | CIVIL NO. 24-00548 SASP-WRP FINDINGS AND RECOMMENDATION TO DENY WITHOUT PREJUDICE PLAINTIFF'S SECOND AND THIRD IFP APPLICATIONS (ECF NOS. 7, 9) |

FINDINGS AND RECOMMENDATION TO DENY WITHOUT PREJUDICE
PLAINTIFF'S SECOND AND THIRD IFP APPLICATIONS (ECF NOS. 7, 9)

On January 29, 2025, the Court recommended to deny without prejudice Plaintiff Montell Alexander Bowman's (Plaintiff) Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 4 (IFP Application) because the Court was unable to determine whether Plaintiff satisfies the requirement of poverty such that paying the $405 filing fee would result in his inability to afford the necessities of life. See Findings and Recommendation to Deny Without Prejudice Application to Proceed Without Prepayment of Fees or Costs (January 29 F&R), ECF No. 6. In denying Plaintiff's IFP Application, the

Court found that Plaintiff did not provide the Court with enough information to verify Plaintiff's poverty.  See January 29 F&R, ECF No. 6 at 3.  Importantly, the Court recommended that Plaintiff be given an opportunity to file a new IFP application wherein he must "answer[] fully all of the questions in the application." Id. (emphasis added).  The January 29 F&R was adopted on February 13, 2025.  See Order Adopting Magistrate's Findings and Recommendation, ECF No. 8.

On February 5, 2025, Plaintiff filed a second IFP application (Second IFP Application).  See ECF No. 7.  Plaintiff filed a third IFP application on February 24, 2025 (Third IFP Application).  See ECF No. 9.  For the reasons discussed below, the Court FINDS and RECOMMENDS that Plaintiff's Second and Third IFP Applications be DENIED without prejudice.[1]

As stated in the Court's January 29 F&R, federal courts may authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay.  See 28 U.S.C. § 1915(a)(1).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

life." Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948)).  Although Section 1915(a) does not require that a litigant demonstrate absolute destitution, see Adkins, 335 U.S. at 339, "a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." Escobedo, 787 F.3d at 1234 (citation omitted).

Plaintiff's Second IFP Application states that Plaintiff makes $12.00 every two weeks.  See Second IFP Application, ECF No. 7 at 1.  However, Plaintiff answered "not applicable" to Question 4, which seeks information about the amount of money Plaintiff has in cash or in checking or savings accounts, and Plaintiff refused to answer Question 5, which seeks information about Plaintiff's assets.  See id. at 2.  Plaintiff also refused to answer Questions 7 and 8, which inquire about Plaintiff's dependents and debts.  See id.  By refusing to answer several questions, Plaintiff fails to provide the Court with all of the information necessary to determine whether Plaintiff qualifies for IFP status.  Id. at 2.

In Plaintiff's Third IFP Application, contrary to the $12.00 biweekly income Plaintiff mentioned in his Second IFP Application, Plaintiff now states that he makes $2,000.00 but does not specify how often he receives this income because Plaintiff does not fully answer Question 2 about his gross pay or wages.  See Third IFP Application, ECF No. 9 at 1.  Plaintiff's answer to Question 4

regarding any money he has in checking or savings accounts is, again, "not applicable." Id. at 2.  In response to Question 6 requesting information about housing, transportation, utilities, loan payments, or other monthly expenses, Plaintiff notes: "house travel." Id. at 2.  Plaintiff does not provide the dollar amounts of the "house" and/or "travel" monthly expenses as required by Question 6.  Id.  Given the sparse information provided by Plaintiff in the Second and Third IFP Applications, the Court remains unable to determine whether Plaintiff satisfies the poverty requirement or whether requiring him to pay the $405 fee would render him unable to afford the necessities of life.  See Escobedo, 787 F.3d at 1234.

Accordingly, the Court FINDS and RECOMMENDS that Plaintiff's Second and Third IFP Applications be denied without prejudice.  The Court further recommends that Plaintiff be given **one final** opportunity to answer fully all of the questions in the IFP application including providing the dollar amounts where requested in the application.  Plaintiff is cautioned that the answer "not applicable" in response to Question 4 will be considered a failure to respond to that question unless Plaintiff provides a plausible explanation for why the amount of cash he has in his possession or in his checking/savings account is not applicable.

The Court recommends that Plaintiff be given **14 days** from the date the District Court acts on this Findings and Recommendation to (1) pay the

required $405 filing fee, or (2) file a new Application to Proceed Without Prepayment of Fees or Costs (AO 240) that addresses the deficiencies identified above. Plaintiff is cautioned that if he fails to file a complete IFP Application that addresses the aforementioned deficiencies or pay the $405 filing fee within 14 days from the date the District Court acts on this Findings and Recommendation, the Court will recommend that this action be dismissed without prejudice. See Fed. R. Civ. P. 41(b).

The Clerk is DIRECTED to send Plaintiff Form AO 240, Application to Proceed in District Court Without Prepaying Fees or Costs.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 7, 2025.



Wes Reber Porter
United States Magistrate Judge

**BOWMAN v. DEPARTMENT OF JUSTICE; CIVIL NO. 24-00548 SASP-WRP; FINDINGS AND RECOMMENDATION TO DENY WITHOUT PREJUDICE PLAINTIFF'S SECOND AND THIRD IFP APPLICATIONS (ECF NOS. 7, 9)**