IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MONTELL ALEXANDER BOWMAN,<br><br>    Plaintiff,<br><br>    vs.<br><br>DEPARTMENT OF JUSTICE,<br><br>    Defendant. | CIVIL NO. 24-00548 SASP-WRP<br><br>FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT WITHOUT LEAVE TO AMEND AND DENY APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT |

FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT
WITHOUT LEAVE TO AMEND AND DENY APPLICATION TO PROCEED
IN FORMA PAUPERIS AS MOOT

On December 16, 2024, pro se Plaintiff Montell Alexander Bowman's (Plaintiff) filed a complaint against the Department of Justice (DOJ). See Compl., ECF No. 1. After his first, second, and third in forma pauperis (IFP) applications were denied, [1] on March 14, 2025, Plaintiff filed his fourth IFP application to

---

[1] On January 29, 2025, the Court recommended to deny Plaintiff's first IFP application and allow Plaintiff to file a new IFP application. See Findings and Recommendation to Deny Without Prejudice Application to Proceed Without Prepayment of Fees or Costs, ECF No. 6 (January 29 F&R). The January 29 F&R was adopted on February 13, 2025. See Order Adopting Magistrate's Findings and Recommendation, ECF No. 8. On February 5 and 24, 2025, Plaintiff filed his

proceed in this case without prepayment of fees or security.  See ECF No. 11.  In considering such an application, the Court must screen the complaint.  For the reasons explained below, the Court FINDS and RECOMMENDS that the complaint be DISMISSED without leave to amend and that Plaintiff's fourth IFP application be DENIED as moot.[2]

## DISCUSSION

I. **Screening of Plaintiff's Complaint**

Because Plaintiff asks to proceed in forma pauperis, the Court must screen his complaint.  See 28 U.S.C. § 1915(e)(2).  Plaintiff is a pro se litigant, and so the Court liberally construes his pleadings.  See Watison v. Carter, 668 F.3d

---

second and third IFP applications.  See ECF No. 7, 9.  On March 7, 2025, the Court found that Plaintiff failed to fully answer all of the questions in the second and third IFP applications and, thus, the Court remained unable to determine whether Plaintiff satisfied the poverty requirement or whether requiring him to pay the $405 fee would render him unable to afford the necessities of life.  See Findings and Recommendation to Deny Without Prejudice Plaintiff's Second and Third IFP Applications, ECF No. 10 (March 7 F&R).  Thus, the Court recommended that the second and third IFP applications be denied, and that Plaintiff be permitted one final opportunity to file an IFP application that answers fully all of the questions in the IFP application.  See id.  The March 7 F&R was adopted on March 24, 2025.  See Order Adopting Magistrate Judge's Findings and Recommendation, ECF No. 12.

[2] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

1108, 1112 (9th Cir. 2012). The Court is nonetheless required to recommend dismissal of claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit. See 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-1127 (9th Cir. 2000) (en banc). When screening complaints under the in forma pauperis statute, "a district court must first determine whether it has jurisdiction before it can decide whether a complaint states a claim." Moore v. Maricopa Cnty. Sheriff's Off., 657 F.3d 890, 895 (9th Cir. 2011) (citation omitted).

Dismissal is required here because the complaint does not sufficiently allege that the Court has subject matter jurisdiction over this dispute. Subject matter jurisdiction is a court's power to hear a case. See Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). Because federal courts have limited power to hear cases, a plaintiff has the burden to establish that subject matter jurisdiction is proper. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

Here, Plaintiff appears to suggest that the Court has subject matter jurisdiction because there is a federal question presented. See Compl., ECF No. 1 at 52. Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over all civil cases that implicate the Constitution or federal law. Federal question jurisdiction "exists only when a federal question is presented on

3

the face of the properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 386 (1987). Nor is jurisdiction conferred by "the mere reference of a federal statute in a pleading." Easton v. Crossland Mortg. Corp., 114 F.3d 979, 982 (9th Cir. 1997). And where an alleged claim "is wholly insubstantial and frivolous," there is no federal question jurisdiction. Bell v. Hood, 327 U.S. 678, 682-83 (1946).

Plaintiff's complaint does not present a federal question. Plaintiff states that he is a "psychic flesh type man" who wants to be free of "controlling forces" including "pain," "mind read," and "technology." Compl., ECF No. 1 at 52. Moreover, Plaintiff's reference to the Fourth Amendment does not confer subject matter jurisdiction. See id. ("America is a democratic state that nobody shall govern my life – the 4th amendment no searching and seizure . . . ."). Finally, although Plaintiff contends that Defendant DOJ "broke many laws," Plaintiff does not provide any factual allegations from which this Court could derive a basis for federal question jurisdiction.

Because the complaint is wholly devoid of any ground for jurisdiction, the Court FINDS and RECOMMENDS that the complaint be DISMISSED.

## II. Leave to Amend

In keeping with the Court's obligations to ensure justice–

particularly for pro se litigants—leave to amend should be freely given when justice so requires. See Fed. R. Civ. P. 15(a)(2). But where amendment would be futile, leave is appropriately denied. See Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

The Court declines to grant Plaintiff leave to amend because, even if he were able to cure the complaint's jurisdictional deficiencies, Plaintiff would still face other prohibitive barriers to relief. First, the complaint fails to state a claim upon which relief could be granted. In evaluating whether a complaint fails to state a valid claim for screening purposes, courts apply the pleading standards in Rule 8 of the Federal Rules of Civil Procedure. See Zixiang Li v. Kerry, 710 F.3d 995, 998 (9th Cir. 2013). Under Rule 8, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To show an entitlement to relief, however, it is not enough for a complaint to allege "labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. Here, the complaint offers no substantive allegations aside from referencing the Fourth Amendment and stating that Defendant DOJ "broke laws" that violate Plaintiff's rights as an American. Compl., ECF No. 1 at 53. These allegations do not state a claim for relief against the DOJ.

5

There is another deficiency in Plaintiff's complaint: it names the DOJ as the defendant. The federal government enjoys sovereign immunity, which means it cannot be sued without its consent. See United States v. Mitchell, 463 U.S. 206, 212 (1983). Because the complaint sets forth no legal or factual basis for relief, the Court is unable to decipher any waiver of sovereign immunity that could apply to this case.

For these reasons, because leave to amend would be futile, the Court FINDS and RECOMMENDS that Plaintiff be denied leave to amend his complaint.

### III.   Plaintiff's Fourth IFP Application

Because the Court recommends to dismiss Plaintiff's complaint without leave to amend, the Court does not analyze the sufficiency of Plaintiff's fourth IFP application. Accordingly, the Court recommends that Plaintiff's fourth IFP application be DENIED as moot.

CONCLUSION

For the foregoing reasons, the Court FINDS and RECOMMENDS that Plaintiff's complaint, ECF No. 1, be DISMISSED without leave to amend and that Plaintiff's fourth IFP application, ECF No. 11, be DENIED as moot.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 17, 2025.



Wes Reber Porter
United States Magistrate Judge

**BOWMAN v. DEPARTMENT OF JUSTICE; CIVIL NO. 24-00548 SASP-WRP; FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT WITHOUT LEAVE TO AMEND AND DENY APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT**